Shirley A. MORALES, Plaintiff—Appellant,

v.

Jo Anne BARNHART, Commissioner of the Social Security Administration Defendant—Appellee.

No. 01–17291.

D.C. No. CV–99–1529–PHX–JWS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Aug. 5, 2002.

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN,* District Judge.

MEMORANDUM **

Shirley A. Morales appeals the decision of the administrative law judge's denial of social security disability benefits and the district court's granting partial summary judgment to appellee. We have jurisdic-

---

4. *See id.*

5. *See Tackett v. Apfel,* 180 F.3d 1094, 1098–99 (9th Cir.1999) (describing the five-step sequential evaluation process).

6. *Id.* at 1099.

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion under 28 U.S.C. § 1291 and we reverse and remand.

The ALJ rejected Morales' testimony on the degree of her impairment and limitations as not credible. The district court found that the ALJ's reasons did not specifically cite to the record, but nonetheless found that the credibility finding was supported by other evidence in the ALJ's findings. The district court upheld the ALJ's finding on Morales' lack of credibility.

On this issue of credibility of a social security disability claimant, this court's analysis in *Lester v. Chater,* 81 F.3d 821 (9th Cir.1995) is on point. In *Lester,* 81 F.3d at 834, we stated:

> For the ALJ to reject the claimant's complaints, she must provide "specific, cogent reasons for the disbelief." *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir.1990). Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan,* 947 F.2d 341, 343 (9th Cir.1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir.1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir.1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir.1993); *Varney v. Secretary*

*of Health and Human Services,* 846 F.2d 581, 584 (9th Cir.1988).

In the present case, the ALJ failed to provide the prerequisite clear and convincing findings as to why Morales' testimony should be discredited. The ALJ also failed to specifically identify what testimony is not credible and what evidence undermines Morales' complaints. When these flaws are considered along with the minimal activity level of Morales included in the record, it is clear the ALJ erred in discrediting her testimony in the manner he did.

As the district court correctly recognized, the ALJ also erred in failing to fully complete the five-step sequential procedure used in evaluating disability benefit claims. *See Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir.1998); 20 C.F.R. § 404.1520. Relevant to the case at hand is the fact that step four and five require the ALJ to complete a function-by-function analysis of the claimant's work-related abilities and residual functional capacity to perform sedentary work. Social Security Ruling 96–8 and 20 C.F.R. § 404.1567. The ALJ failed to do so, and we hold that a finding of no disability is in error without this analysis.

Therefore, this matter is remanded to the district court for proceedings consistent with this disposition.

REVERSED and REMANDED.